```
               UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF ALABAMA
                   NORTHEASTERN DIVISION
```

KATHY PHILLIPS,              )
                             )
    Plaintiff,               )
                             )
vs.                          )   Civil Action No. CV-96-S-3344-NE
                             )
WAL-MART STORES, INC.,       )
                             )
    Defendant.               )
                             )

FILED 98 FEB 17 AM 8:51 U.S. DISTRICT COURT N.D. OF ALABAMA

ENTERED
FEB 17 1998

## MEMORANDUM OPINION

Kathy Phillips was injured on November 30, 1994, when she slipped and fell on the floor of the ladies' restroom in the Hartselle, Alabama Wal-Mart store. She filed this lawsuit in the Circuit Court of Morgan County, Alabama, on November 26, 1996, alleging negligence and wantonness. Defendant removed the action to this court on December 23, 1996, on the basis of diversity jurisdiction. The matter now is before the court on defendant's motion for summary judgment.

### I. SUMMARY OF FACTS

While shopping in the Hartselle Wal-Mart store on November 30, 1994, Phillips entered the ladies' restroom. (Phillips' Deposition at 32-34, 37.) She did not see anything on the floor, including water. (*Id.* at 43-44, 69.) She walked across the floor and into an open stall. (*Id.* at 41-42.) While in the stall, Phillips did not see any water on the floor, or leaking from a toilet. (*Id.* at 52.)

When Phillips stepped out of the stall, however, she fell. She later testified that, after walking approximately two steps out of the stall, "my feet flew out from under me to the left. And I

hit the floor with my right hip and my right hand." (*Id.* at 38, 46.) Only then did she notice a damp spot on the floor, approximately the size of a dinner plate. The spot contained two skid marks, where her shoes had traveled through it. (*Id.* at 44, 60.) The spot was clear of dirt, mud, footprints, or anything else, except Phillips' own skid marks. Phillips does not know where the water came from, nor how long it had been there.

## II  DISCUSSION

Under Alabama law, a storekeeper is required to

> exercise reasonable care to provide and maintain reasonably safe premises for the use of his customers. However, the storekeeper is not an insurer of the customer's safety, and is liable for injury only if he negligently fails to use reasonable care in maintaining his premises in a reasonably safe condition.

*Maddox v. K-Mart Corp.*, 565 So. 2d 14, 16 (Ala. 1990)(citations and internal quotation marks omitted). "No presumption of negligence arises from the mere fact of injury to the customer." *Cash v. Winn-Dixie of Montgomery, Inc.*, 418 So. 2d 874, 876 (Ala. 1982). Rather, plaintiff must prove "[a]ctual or constructive notice of the presence of the offending substance ... before the proprietor can be held responsible for the injury." *Cash*, 418 So. 2d at 876. In that regard, a slip and fall plaintiff must prove: (1) that the substance slipped upon had been on the floor a sufficient length of time to impute constructive notice to the storekeeper; or (2) that the storekeeper had actual notice that the substance was on the floor; or (3) that the storekeeper was delinquent in not discovering and removing the substance. *Maddox*, 565 So.2d at 16.

In opposition to defendant's motion, plaintiff states:

2

> [T]he disputed facts in the record as submitted by the defendant indicates that there was a "damp spot" on the floor where the plaintiff fell. The plaintiff argues that such a "damp spot" is proof of some water that had been on the floor for some time and thus should have been constructively noticed by the defendant or its agents or employees. The description of the "damp spot" is an indication of how long it could have been on the floor and thus creates a jury question as to notice by the defendants.

(Plaintiff's Brief Re: Motion for Summary Judgment at 1.)[1]  Under such a rule, storekeepers would be strictly liable whenever "some water" was on the floor for "some time." That is not the law. According to the Alabama Supreme Court,

> it is permissible to allow the jury to infer the length of time the substance has remained on the floor from the nature and condition of the substance. Where the substance is dirty, crumpled, or mashed, or has some other characteristic that makes it reasonable to infer that it has been on the floor a long time, the defendant may be found to have a duty to discover and remove it.

*Vargo v. Warehouse Groceries Management, Inc.*, 529 So. 2d 986, 986-87 (Ala. 1988)(quoting *S. H. Kress & Co. v. Thompson*, 103 So.2d 171, (Ala. 1957)). In *Vargo*, the plaintiff slipped and fell after removing a bag of ice from an ice machine. *Vargo*, 529 So. 2d at 986. In affirming the trial court's grant of summary judgment, the Court stated:

> There is no evidence in the record whatsoever that Warehouse Groceries' employees knew the water was on the floor or that it had been there such a length of time as to impute constructive notice. Both Vargo and her witness testified that they had no idea how long the water had been there, except to say that it "looked like it had been there for a while." For all the evidence put forth, the water may have been dropped or leaked on the floor only minutes before Vargo fell.

---

[1] Plaintiff also filed the affidavit of Christy Lynn Widner, a former Wal-Mart employee who states: "I was not in the public bathroom for ladies on November 30, 1994 and have not been in that bathroom for some months or years before November 30, 1994." Having conceded ignorance of the facts during the relevant time period, the remainder of Widner's affidavit is irrelevant.

3

*Id.* at 987. Phillips presents even less evidence than Vargo that the damp spot had "been there for a while" when she stepped in it.

Phillips' evidence establishes the following. Phillips walked alone into a well-lit public restroom with a tiled floor. She saw nothing on the floor — no discoloration, dirt, mud, footprints or water — to alert her that the floor might be slippery, or that she should walk carefully. She crossed the floor without incident. On exiting the stall, Phillips slipped on a plate-sized, "damp place," of less substance than a puddle, which she had never seen, but which she now speculates came from a toilet that did not appear to be leaking. Only after her fall did the "damp place" become visible, due to Phillips' two fresh skid marks through it. (Phillips Deposition at 44-52, 59-61, 69-71.) Any inference of negligence or wantonness that might be drawn from such facts "would be the result of mere speculation." *Vargo*, 529 So. 2d at 987.

For the foregoing reasons, the defendant's motion for summary judgment is due to be granted. An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

**DONE** this 17th day of February, 1998.

United States District Judge

4